## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dirk Beaukes and<br>Gesina Beaukes, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC Mortgage, LLC, as<br>Successor in Interest to Homecomings<br>Financial, LLC; Mortgage Electronic<br>Registration Systems, Inc., a Delaware<br>Corporation; Federal National Mortgage<br>Association; and John and Jane Does 1-10,<br><br>Defendants. | Civil No. 10-4551 (DWF/JSM)<br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

_____

Michael J. Keogh, Esq., Keogh Law Office, counsel for Plaintiffs.

Donald G. Heeman, Esq., and Ryan A. Olson, Esq., Felhaber Larson Fenlon & Vogt, PA, counsel for Defendants.

_____

### INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 18). For the reasons set forth below, the Court grants Defendants' motion.

**BACKGROUND**

On September 28, 2007, Plaintiffs Gesina and Dirk Beukes[1] ("Plaintiffs") entered into a loan agreement with Defendant Homecomings Financial, LLC ("Homecomings") in the principal amount of $247,000 to refinance their residential property mortgage. (Doc. No. 22, Bennett Aff. ¶ 4, Ex. B; *see also* Doc. No. 10, Am. Compl. ¶¶ 17-20.) There is no dispute that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee for Homecomings, and its successors and assigns. (*See* Am. Compl. ¶ 36.) Nor is there a dispute that Defendant Federal National Mortgage Association ("Fannie Mae") later acquired the loan, and Defendant GMAC Mortgage, LLC ("GMAC") became the servicer. (*See id.* ¶¶ 8, 11, Ex. A; Doc. No. 21, Olson Aff. ¶ 3, Ex. B.)

The parties further agree that, on or about January 21, 2010, Plaintiffs sent a rescission notice to GMAC and Homecomings and that, on February 5, 2010, GMAC sent a responsive letter to Plaintiffs, but did not rescind the loan. (*See* Am. Compl. ¶¶ 40-43; Olson Aff. ¶ 2, Ex. A at 3.) On March 25, 2010, MERS commenced foreclosure by advertisement proceedings, and on May 6, 2010, the subject property was sold at the Sheriff's Foreclosure Sale. (Olson Aff. ¶ 3, Ex. B.) Plaintiffs initiated this action on November 15, 2010. (Doc. No. 1, Compl.)

---

[1] It appears that Plaintiffs' last name is improperly spelled as "Beaukes" throughout the Amended Complaint. (*See generally* Doc. No. 10, Am. Compl.)

As articulated in their Amended Complaint, Plaintiffs assert the following four counts against Defendants: (1) Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) Rescission of Security Interest; (3) Servicing a Mortgage Loan in Violation of Standards of Conduct, Minn. Stat. § 58.13; and (4) a Cause of Action Under Minn. Stat. § 8.31. Defendants now move for summary judgment on all of Plaintiffs' claims.

## DISCUSSION

**I.     Summary Judgment Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific

facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II. Defendants' Motion

Defendants have moved for summary judgment with respect to all of Plaintiffs' claims. All of Plaintiffs' claims stem from Defendants' alleged violation of TILA. Because the Court concludes that Plaintiffs' TILA-based claims are time-barred, and there are no genuine issues of material fact for trial, Defendants' motion is properly granted.

Not only have Plaintiffs failed to demonstrate the existence of specific facts in the record that create a genuine issue for trial on their claims for rescission under TILA, Plaintiffs' TILA claims fail because they are untimely. TILA imposes a three-year statute of repose on claims for rescission. *See* 15 U.S.C. § 1635(f). Here, Plaintiffs closed on the loan on September 28, 2007. (Bennett Aff. ¶ 4, Ex. B; *see also* Am. Compl. ¶¶ 17-20.) Thus, the three-year period expired on September 28, 2010. Plaintiffs argue that, because they sent Defendants Homecomings and GMAC a notice of rescission on January 21, 2010, their TILA-based rescission claims are timely. Defendants counter that Plaintiffs' suit is barred because Plaintiffs did not commence this action until November 15, 2010, approximately two months after the three-year period expired.

This Court and other courts in this district have recently considered the issue of whether a claim for rescission survives the three-year period if a borrower sends a rescission request within the three-year period, but fails to file suit until after the

4

three-year period expires.  *See Dietz v. Beneficial Loan and Thrift Co.,* Civ. No. 10-3752, 2011 WL 6739504, at *3-4 (D. Minn. Dec. 22, 2011); *Geraghty v. BAC Home Loans Servicing LP*, Civ. No. 11-336, 2011 WL 3920248, at *3 (D. Minn. Sept. 7, 2011); *Sobieniak v. BAC Home Loans Servicing, LP*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (D. Minn. Dec. 8, 2011).  In each of these cases, the court concluded that a plaintiff's suit for rescission is barred by section 1635(f) if the suit is not filed within the statutory three-year period.  *See Geraghty*, Civ. No. 11-336, 2011 WL 3920248, at *3 (noting a circuit split and no Eighth Circuit authority on the issue; siding with the majority and holding that a legal claim for rescission under section 1635 must be filed within the three-year statute of repose); *Sobieniak*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (noting that "[t]he majority of courts to address this question hold that such a suit is barred by § 1635(f)" and holding that the plaintiffs' claim was barred because they did not file suit until after the three-year period passed).

The Court echoes its decision in *Dietz* and agrees with the decisions of both the *Geraghty* and *Sobieniak* courts insofar as they hold that a suit for rescission filed more than three years after consummation of an eligible transaction is barred by TILA's statute of repose.  Here, there is no dispute that Plaintiffs failed to file suit within the three-year period.  Thus, their claims are time-barred.

Moreover, as in *Dietz*, Plaintiffs now base their demand for rescission on an alleged error in the TILA disclosure statement that is greater than $35, arguing that the error violated section 1635(i)(2).  Section 1635(i)(2) sets a $35 tolerance for the disclosure of the finance charge or disclosures affected by a finance charge.  *See* 15

U.S.C. § 1635(i)(2).  Section 1635(i)(2), however, only applies to a party's exercise of "rescission rights *after the initiation of . . . [the] foreclosure process*."  (*Id*. (emphasis added).)  Here, Plaintiffs claim that they demanded rescission on January 21, 2010.  (*See* Am. Compl. ¶¶ 40-43; Olson Aff. ¶ 2, Ex. A at 3.)  MERS did not initiate foreclosure proceedings, however, until March 25, 2010.  (Olson Aff. ¶ 3, Ex. B.)  Because foreclosure had not been initiated at the time that Plaintiffs sent their demand, section 1635(i)(2) did not apply.  Accordingly, Plaintiffs never had a valid right to rescind under section 1635(i)(2).

Because Plaintiffs cannot demonstrate that Defendants violated TILA, Plaintiffs' state law claims likewise fail.  Consequently, the Court grants Defendants' motion for summary judgment in its entirety.  Defendants are thus entitled to judgment on all counts (Counts 1 through 4) of Plaintiffs' Amended Complaint.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. [18]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 10, 2012              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge